# UNITED STATES DISTRICT COURT
# CIVIL MINUTES - GENERAL

| Case No. | CV16-08089-RGK (KSx) | Date | November 22, 2016 |
|---|---|---|---|
| Title | *NANDI KEEL v. SEARS ROEBUCK AND CO. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Remand Action to State Court

On September 20, 2016, Nandi Keel ("Plaintiff") filed suit against Sears Roebuck Co., et. al. ("Defendant"). In his Complaint, Plaintiff asserts state claims for disability discrimination, failure to accommodate, failure to engage in the interactive process, failure to prevent discrimination, wrongful termination, and retaliation. On October 31, 2016, Defendants removed the action to this Court alleging diversity of citizenship.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving by a preponderance of the evidence that the requirements for diversity jurisdiction have been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). There is no dispute that Defendants have adequately shown that the parties are citizens of different states. However, Defendants attempt to show that the amount in controversy exceeds $75,000, but does not succeed on the facts alleged.

Defendant calculates the amount in controversy using potential damages from (1) lost wages; (2) compensatory damages from emotional distress; (3) punitive damages; and (4) attorneys' fees.

As to wages, Defendant has introduced evidence estimating lost wages to be $14,126.70. However, as to claims for compensatory damages, Defendants offer as evidence, emotional damages awards juries have given to plaintiffs in other employment discrimination cases. Defendants offer similar evidence to support their contentions involved punitive damages. In certain cases, the Ninth Circuit has allowed defendants to rely on awards from other cases to establish the requisite amount in controversy. However, in employment discrimination cases, reliance on previous awards of emotional and punitive damages, alone, to satisfy the amount in controversy requirement is inherently speculative.

Defendants also include in their calculation anticipated attorneys fees. District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy,

JS-6

# UNITED STATES DISTRICT COURT
# CIVIL MINUTES - GENERAL

| Case No. | CV16-08089-RGK (KSx) | Date | November 22, 2016 |
|---|---|---|---|
| Title | *NANDI KEEL v. SEARS ROEBUCK AND CO. et al* | | |

and some courts have declined to do so. *See e.g., MIC Philberts Invs. v. Am. Cas. Co of Reading Pa*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wa. June 11, 2014). The Court finds those holding well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.

In light of the foregoing, the Court is not satisfied that Defendants have supported subject matter jurisdiction by a preponderance of the evidence. The Court hereby **remands** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer